

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00446-CR

Nicole Diana **JOHNSEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 1, Bexar County, Texas
Trial Court No. 479494
Honorable John D. Fleming, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Irene Rios, Justice

Delivered and Filed:  February 8, 2017

AFFIRMED

After the trial court denied her motion to suppress, Nicole Johnsen entered a plea of no contest and was convicted of driving while intoxicated. On appeal, Johnsen argues the trial court erred in denying her motion to suppress evidence. We affirm.

### BACKGROUND

Following a traffic stop, Johnsen was arrested and charged with driving while intoxicated. Johnsen moved to suppress the evidence against her, arguing the traffic stop was unlawful because the arresting officer did not have reasonable suspicion to conduct a traffic stop.

At the suppression hearing, the arresting officer, Marcus Williams of the University of Texas System Police, testified as follows. On December 30, 2014, at around 2:00 a.m., Williams was on patrol in the medical center area of San Antonio, Texas. Williams was driving on a three-lane roadway when he saw the car driven by Johnsen "drift to the point where it was straddling the line that divided the lane. Approximately half the car was in the center lane, the other half was in the right lane." Johnsen's car then made a u-turn. Williams followed Johnsen's car, noticing that as it approached an intersection it drifted out of its lane, the center lane, and into the left lane on the three-lane roadway. At the time, another car was in the left lane just ahead of Johnsen's car. Shortly thereafter, Williams activated his lights to initiate a traffic stop.

Williams further testified that he had been an officer for seven years and had received special training in identifying intoxicated drivers. Based on Williams's experience, crossing over a lane marker can be an indicator that a driver is impaired. In deciding to stop Johnsen's car, Williams also considered the time of night and the location. A sports bar was located in the immediate area, approximately three blocks from where Williams first observed Johnsen driving her car. And, according to Williams, "our department patrols that area quite often and especially in that area of Babcock around that time we've come across quite a few drunk drivers, intoxicated drivers."

On cross-examination, Williams went on to testify that the first time Johnsen's car drifted out of its lane for just a couple of seconds and no other cars on the roadway were placed in danger. The second time Johnsen's car crossed the lane marker, it did not straddle the lane markers, but "[h]er left wheels, her—both her front and back left wheels went into the left lane while she was driving in the center lane." The second time Johnsen crossed the lane markers was not captured on the video camera in his patrol car. Williams was waiting for a vehicle to pass so he could complete a u-turn and his patrol car was not in the proper position to record the maneuver. When Williams

completed the u-turn and caught up with Johnsen's car, it had stopped at a traffic light and its left wheels were on the left-side lane markers but not over them. Williams decided to initiate the traffic stop when he saw Johnsen's car leave its designated lane for a second time.

The video recording from Williams's patrol car, which is consistent with Williams's testimony, was also admitted into evidence. The video recording shows that Williams observed Johnsen's car for a little more than two minutes before he initiated the traffic stop.

After presenting Williams's testimony and the video recording, the State argued that a traffic violation need not have occurred for the officer to have had reasonable suspicion to justify the stop of a vehicle. According to the State, the officer had "reasonable suspicion for DWI given the totality of the circumstances." Alternatively, the State argued that the traffic stop was lawful because Johnsen committed a traffic offense by failing to maintain a single lane as required by section 545.060 of the Texas Transportation Code.[1]

At the end of the suppression hearing, the trial court concluded that reasonable suspicion existed to justify a stop for driving while intoxicated. The trial court also concluded that Johnsen committed a traffic offense by violating section 545.060 of the Texas Transportation Code. The trial court denied the motion to suppress and Johnsen appealed.

## DISCUSSION

On appeal, Johnsen argues the trial court erred in denying her motion to suppress evidence because (1) she did not commit a traffic violation, and (2) the arresting officer lacked reasonable

---

[1]Section 545.060 of the Texas Transportation Code provides, in relevant part:

    (a)  An operator on a roadway divided into two or more clearly marked lanes for traffic:

        (1) shall drive as nearly as practical entirely within a single lane; and
        (2) may not move from the lane unless that movement can be made safely.

TEX. TRANSP. CODE ANN. § 545.060(a) (West 2011).

suspicion to conduct a traffic stop for driving while intoxicated. We begin by addressing Johnsen's argument that the arresting officer lacked reasonable suspicion to conduct a traffic stop to investigate whether Johnsen was driving while intoxicated.

We review a reasonable suspicion determination by considering the totality of the circumstances. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). "In conducting this totality of the circumstances determination, we use a bifurcated standard of review: (1) giving almost total deference to a trial court's determination of historical facts and application of law to fact questions that turn on credibility and demeanor, and (2) reviewing *de novo* application of law to fact questions that do not turn upon credibility and demeanor." *Id*. "In other words, we give almost total deference to the trial court in determining what the actual facts are, and then we review *de novo* whether those facts are sufficient to give rise to reasonable suspicion." *Id*. When the trial court does not make express findings of fact, we view the evidence in the light most favorable to the trial court's ruling, and we assume the trial court made implicit findings that are supported by the record. *Brodnex v. State*, 485 S.W.3d 432, 436 (Tex. Crim. App. 2016).

An officer may make a warrantless traffic stop if the "reasonable suspicion" standard is satisfied. *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015). Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person is, has been, or soon will be engaging in criminal activity. *Id*. The standard, which is objective, disregards the subjective intent of the officer and requires only some minimal level of justification for the stop. *Brodnex*, 485 S.W.3d at 437. However, the officer must have more than an inarticulable hunch or mere good-faith suspicion that a crime is in progress. *Id*. A reasonable suspicion determination need not rule out the possibility of innocent conduct. *Jaganathan*, 479 S.W.3d at 248. Additionally, the reasonable suspicion standard accepts the risk that officers may stop innocent people. *Id*.

There is no requirement that a traffic law be violated before an officer has reasonable suspicion to justify a stop of a vehicle. *State v. Alderete*, 314 S.W.3d 469, 473 (Tex. App.—El Paso 2010, pet. ref'd). "[A]n officer may be justified in stopping a vehicle based upon a reasonable suspicion of driving while intoxicated, which is a penal offense." *Id*.

In *Curtis v. State*, the appellant moved to suppress evidence, arguing the officers had illegally stopped his vehicle without a warrant, probable cause, or reasonable suspicion. 238 S.W.3d 376, 377 (Tex. Crim. App. 2007). The trial court denied the motion to suppress. The Texas Court of Criminal Appeals held that the trial court correctly denied the motion to suppress because it could have reasonably concluded that the facts presented gave rise to reasonable suspicion to justify an investigation for driving while intoxicated. *Id*. at 381. The facts in the present case are similar to the facts presented in *Curtis*. In *Curtis*, the officers testified that prior to initiating the traffic stop, they had observed the appellant's car weaving in and out of its lane several times, over a short distance, late at night. *Id*. The officers also testified that they had learned in training that a driver's weaving could indicate intoxicated driving. *Id*.

Viewing the evidence in the present case in the light most favorable to the trial court's ruling, we assume the trial court made an implicit finding that Williams saw Johnsen's car cross the lane markers and drift into another lane twice in the span of a few minutes.[2] Although the video recording does not clearly show Johnsen's car drifting into another lane twice, Williams explained in his testimony that only one of the maneuvers was fully captured on the video recording because Williams was making a u-turn and the video camera in his patrol car was not in the proper position to record the second time Johnsen's car crossed the lane markers.

---

[2]Here, the trial court made only one express fact finding. This express finding is not relevant to the issue of whether the officer had reasonable suspicion to stop Johnsen for driving while intoxicated.

The evidence also showed that Williams had received special training in identifying people who were intoxicated. Williams indicated that in his experience, driving over the lane markers can be an indicator that the driver is impaired. An officer's training and experience in identifying intoxicated drivers is relevant when considering the totality of the circumstances. *See Curtis*, 238 S.W.3d at 380-81. Furthermore, the place where Williams observed Johnsen was close to a sports bar and other officers in the department had encountered intoxicated drivers in this area in the past. An officer's experience and knowledge that much of the traffic in an area in the early morning hours comes from bars and clubs is relevant to a determination of reasonable suspicion to stop and investigate for driving while intoxicated. *See Villarreal v. State*, No. 04-15-00593-CR, 2016 WL 5795207, at *3 (Tex. App.—San Antonio Oct. 5, 2016, no pet. h.) (not designated for publication).

Deferring to the trial court's findings of historical fact and considering the totality of the circumstances, we conclude the trial court did not err in concluding that Williams had reasonable suspicion to stop Johnsen to investigate whether she was driving while intoxicated. *See Curtis*, 238 S.W.3d at 381 (concluding that the facts gave rise to reasonable suspicion to investigate for driving while intoxicated when the appellant's car was weaving in and out of its lane several times, over a short distance, late at night, and that the officers' training taught that weaving could indicate driving while intoxicated).

Johnsen also argues the trial court erred in denying her motion to suppress evidence because she did not commit a traffic offense. Because we have already concluded that Williams had reasonable suspicion to believe Johnsen was driving while intoxicated, Williams had lawful authority to stop and briefly detain Johnsen even if she did not commit a traffic offense under the Texas Transportation Code. Therefore, we need not address Johnson's argument that the trial court erred in denying her motion to suppress because she did not commit a traffic offense. *See* TEX. R. APP. P. 47.1 (requiring appellate court to hand down an opinion that is as brief as practicable but

that addresses every issue raised and necessary to final disposition of the appeal); *Villarreal*, 2016 WL 5795207, at *4 (declining to address the appellant's argument that he did not commit a traffic offense after holding that the officer had reasonable suspicion to stop the appellant for driving while intoxicated).

## CONCLUSION

Because the trial court could have reasonably concluded that reasonable suspicion existed to stop Johnsen for driving while intoxicated, it did not err in denying Johnsen's motion to suppress evidence. The trial court's order denying Johnsen's motion to suppress evidence is affirmed.

Karen Angelini, Justice

Do not publish